# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00353-CR

**Jason Britt Redden, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 15-1473-K26, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Jason Britt Redden was charged with assault family violence for allegedly assaulting his girlfriend, and the indictment also alleged that Redden had previously been convicted of a similar offense. *See* Tex. Penal Code § 22.01(a)-(b). After being charged, Redden entered into a plea-bargain agreement with the State in which he agreed to plead guilty to the charged offense in exchange for the State recommending that his adjudication of guilt be deferred, and that he be placed on community supervision. The district court accepted Redden's plea, deferred sentencing, and placed him on deferred-adjudication community supervision. A little over a year later, the State moved to revoke Redden's community supervision and adjudicate his guilt. At the end of the adjudication hearing, the district court found three of the State's allegations to be true, revoked Redden's community supervision, adjudicated his guilt, and sentenced him to ten years' imprisonment. In one issue on appeal, Redden asserts that the district court's judgment adjudicating his guilt

contains a clerical error and asks this Court to modify the judgment to correct the alleged error. We will modify the district court's judgment adjudicating Redden's guilt and affirm the judgment as modified.[1]

During the revocation hearing, Redden pleaded not true to all of the State's revocation allegations. However, as Redden notes, the district court's judgment states that Redden pleaded true to all of the revocation allegations. In light of this disparity, Redden argues that the district court's judgment should be reformed to correct the clerical error, and the State agrees.

This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *see also Parker v. State*, No. 03-12-00540-CR, 2013 WL 2631621, at *1 (Tex. App.—Austin June 7, 2013, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment revoking defendant's community supervision to reflect that defendant pleaded not true to revocation allegation). Accordingly, we sustain Redden's issue on appeal and modify the judgment adjudicating Redden's guilt to reflect that Redden pleaded not true to the State's revocation allegations.

Having sustained Redden's issue on appeal, we modify the district court's judgment adjudicating Redden's guilt in the manner set out above and affirm that judgment as modified.

---

[1] In his brief, Redden also asserts that there was an error present in the district court's certification of his right to appeal. After Redden filed his brief, this Court requested that the district court prepare a supplemental certification, and the supplemental certification correctly states that this case "is not a plea-bargain case" and that Redden "has the right to appeal." Accordingly, we need not further address Redden's argument pertaining to the certification.

2

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Modified and, as Modified, Affirmed

Filed: April 24, 2019

Do Not Publish